J-S15040-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
             Appellee      :
                               :
         v.                    :
                               :
MICKAEL SMITH            :
                               :
           Appellant     :        No. 1467 WDA 2018

Appeal from the PCRA Order Entered August 27, 2018
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001721-2016

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          FILED APRIL 15, 2019

       Appellant, Mickael Smith, appeals from the order entered in the Beaver
County Court of Common Pleas, which denied his second petition brought
pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-
9546. On September 28, 2016, Appellant entered an open guilty plea to two
counts of aggravated indecent assault of a child under 13, where Appellant
sexually abused two juveniles during 2014 and 2015. The court sentenced
Appellant on February 9, 2017, to an aggregate term of 12 to 30 years'
imprisonment; the court also determined Appellant is a sexually violent
predator and required him to register for life as a sexual offender. On
February 17, 2017, Appellant filed a motion to withdraw the guilty plea, which
the court denied on February 21, 2017. Appellant did not file a direct appeal.

       On January 8, 2018, Appellant timely filed a pro se PCRA petition. The

_____
*    Retired Senior Judge assigned to the Superior Court.

PCRA court appointed counsel on January 16, 2018, who filed a petition to withdraw and a no-merit letter pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc), on April 12, 2018. That same day, the court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, and granted counsel's petition to withdraw. The PCRA court denied relief on May 3, 2018.

On July 26, 2018, Appellant filed pro se his second PCRA petition. The PCRA court issued Rule 907 notice on August 1, 2018; Appellant responded pro se on August 22, 2018. The PCRA court denied relief on August 28, 2018. Appellant timely filed a pro se notice of appeal on September 27, 2018.[1]

The timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review, including discretionary review in the U.S. Supreme Court and the Pennsylvania Supreme Court, or upon expiration of the time for

---

[1] This appeal is properly before this Court, where Appellant submitted his notice of appeal to prison authorities on September 27, 2018, within the required 30-day appeal period. See Pa.R.A.P. 903(a); Commonwealth v. Chambers, 35 A.3d 34 (Pa.Super. 2011), appeal denied, 616 Pa. 625, 46 A.3d 715 (2012) (stating pro se prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(1)-(b)(2).[2]

Instantly, the judgment of sentence became final on or about March 23, 2017, following expiration of the 30 days for filing a direct appeal with this Court. See Pa.R.A.P. 903(a). Appellant filed the current petition on July 26, 2018, which is patently untimely. See 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the new-facts exception per Section 9545(b)(1)(ii), claiming he was unaware that he could file a PCRA petition while in federal prison. Appellant does not assert when he discovered this "new fact" or how he could not have ascertained this "new fact" by the exercise of due diligence. See Commonwealth v. Hart, 199 A.3d 475, 481 (Pa.Super. 2018) (stating to satisfy new-facts exception of PCRA, petitioner must plead and prove fact was unknown and could not have been ascertained by exercise of due diligence). Therefore, Appellant failed to satisfy both the 60-day rule and the exception claimed. Thus, Appellant's current petition remains time-barred,

_____

[2] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could first have been presented. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

and the PCRA court lacked jurisdiction to review it on the merits.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/15/2019